IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| E. SCOTT FRISON, JR., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. AW-04-350 |
| RYAN HOMES, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before the Court is Plaintiffs' Motion for Recusal of the Honorable Alexander Williams [30]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (Md. 2004). For the reasons stated below, the Court will deny Plaintiffs' motion.

**I.      Factual & Procedural Background**

Plaintiffs brought this case on February 8, 2004. On October 27, 2004, a hearing was held, at which time the Court indicated its intent to dismiss Plaintiffs' case for lack of federal jurisdiction. On October 29, 2004, the Court issued a Memorandum Opinion and Order dismissing the case for lack of federal jurisdiction and granting Defendant's Motion for Sanctions. That same day, Plaintiffs filed a Motion for Recusal of the Honorable Alexander Williams. In this motion, Plaintiffs argue that, because Judge Williams has previously been assigned to five cases litigated by E Scott Frison, Jr. ("Mr. Frison"), he is not impartial in this case and should be disqualified pursuant to 28 U.S.C. § 455. The Court disagrees with Plaintiffs and will DENY Plaintiffs' Motion for Recusal of the Honorable Alexander Williams.

**II.   STANDARD**

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The judge whose recusal is requested must determine the legal sufficiency of the alleged facts. *Marty's Floor Covering Co., Inv. v. GAF Corp.*, 604 F.2d 266, 268 (4th Cir. 1979). Disqualification is automatically effected if the allegations are deemed legally sufficient. *Id.* Correspondingly, the judge should deny relief based upon insufficient allegations. *Id.*

**III.   ANALYSIS**

First, the Court finds that Plaintiffs' motion was not timely filed. Mr. Frison was well aware of his prior appearances before this Court at the time this case was first assigned to Judge Williams in February 2004. However, Plaintiffs did not file their Motion for Recusal until October 29, 2004, more than nine months after the case was initially assigned to Judge Williams and, notably, after this Court had indicated its intention to rule against Plaintiffs. The Court finds that Plaintiffs have not presented good case for failure to file their motion in a timely fashion, and thus Plaintiffs' Motion for Recusal must fail.

Alternatively, the Court finds that Plaintiffs' Motion for Recusal is without merit, as it fails to allege facts that are legally sufficient to demonstrate bias. Plaintiffs' motion asserts that, because Judge Williams

2

has dismissed other complaints filed by Mr. Frison in this Court, and has found them without merit, Judge Williams is biased against Plaintiffs. To the contrary, this Court has been tolerant and fair to Mr. Frison, a serial litigant who repeatedly brings frivolous cases to the federal courts. Moreover, at the October 27, 2004 hearing, and in its October 29, 2004 Opinion, this Court assessed Mr. Frison's history of vexatious litigation not in evaluating the merits of his instant claim, but rather in deciding whether to grant Defendant's request for sanctions, where a litigant's filing history is a relevant consideration. *See Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 959 (4th Cir. 1995).

### IV.    CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs' Motion for Recusal of the Honorable Alexander Williams is not timely filed and in the alternative is without merit. As such, the Court will DENY Plaintiffs' Motion for Recusal of the Honorable Alexander Williams. An Order consistent with this Opinion will follow.

November 10, 2004                              /s/
Date                                           Alexander Williams, Jr.
                                               United States District Court Judge