IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| E. SCOTT FRISON, JR., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. AW-04-350 |
| RYAN HOMES, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \*

**ORDER**

On November 10, 2004, this Court issued a Memorandum Opinion and Order in which it granted Defendants' Motion for Summary Judgment against Plaintiffs, and granted Defendant NVR's Motion for Sanctions. In that Order, the Court requested that NVR submit to this Court a memorandum concerning the appropriate award of sanctions in this matter, including evidence of NVR's reasonable costs and fees associated with this lawsuit.

To that end, currently pending before this Court is NVR's Motion for Sanctions in an Appropriate Amount Against Plaintiff [35]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (Md. 2004).

As this Court noted in its November 10, 2004 Memorandum Opinion, federal courts are invested with the power to sanction litigants by 28 U.S.C. § 1927, Fed. R. Civ. Pro. 11(b), and the inherent powers of the federal courts. In that Memorandum Opinion, this Court found that Plaintiffs knew at the time they filed their Amended Complaint that it was devoid of any legal or factual basis, and that Plaintiffs are vexatious and serial litigants who warrant the imposition of a sanction.

When determining the amount of an appropriate sanction, courts should consider the following factors: (1) the reasonableness of the opposing party's attorneys fees; (2) the minimum sanction needed to deter future frivolous filings; (3) the party's ability to pay; and (4) the severity of the party's Rule 11 violation. *In re Kunstler*, 914 F.2d 505, 523 (4th Cir. 1990).

Defendant NVR has submitted evidence of attorneys fees in the amount of $50,072.31. These fees are reasonable, in light of the quality of the legal work performed and the result obtained by NVR's counsel, as well as the myriad of motions filed by Plaintiffs, including Plaintiffs' motions for sanctions against various NVR attorneys.

However, in considering the remaining relevant factors articulated by the Fourth Circuit, the Court finds that such a severe sanction is not warranted in this case. Specifically, noting that this is the first time this Court has imposed sanctions on Plaintiffs, the Court believes that a lesser sanction will be sufficient to deter Plaintiffs from future frivolous filings, and that Plaintiffs' conduct does not warrant a more severe sanction. There is also some question concerning Plaintiffs' ability to pay, as the crux of Defendants' argument in this case was that Plaintiffs were unable to pay for the house they had contracted to buy.

For all of these reasons, IT IS this 6th day of December, 2004, in the United States District Court for the District of Maryland **ORDERED:**

1. That NVR's Motion for Sanctions in an Appropriate Amount Against Plaintiff [Paper 35] BE, and hereby IS, **GRANTED**;

2.   That Plaintiffs are ordered to pay NVR sanctions in the amount of $3,000.000; AND

3.   That the Clerk of the Court transmit a copy of this Order to all counsel and parties of record.

                                                          /s/
                                    Alexander Williams, Jr.
                                    United States District Judge